UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 18-1912 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Freedom Watch, Inc., wants access to any communications between Defendant Federal Bureau of Investigation and a nonprofit organization, the Southern Poverty Law Center. It thus filed a Freedom of Information Act request to this effect. After the FBI pointed out that the request contained insufficient detail to allow it to perform a proper search, Plaintiff, instead of providing the requested detail or administratively appealing the Bureau's initial assessment, skipped right to this Court. Defendant now moves to dismiss, arguing that Freedom Watch thereby failed to exhaust its administrative remedies. The Court agrees and will grant the Motion.

**I.    Background**

Little need be said by way of background. Freedom Watch is a nonprofit organization that "seeks to promote openness within the federal government." ECF No. 1 (Compl.), ¶ 3. Apparently alerted by a press report that the FBI was working with the Southern Poverty Law Center to address hate crimes, id., Attach. 1 at ECF pp. 7–9, Freedom Watch sent a FOIA request to the Bureau on July 31, 2018. It sought:

1

> Any and all documents that refer or relate in any way to collaboration and/or communication by and between the Federal Bureau of Investigation and Southern Poverty Law Center and any of its agents from January 20, 2008 to the present. See attachment incorporated herein by reference.

Id. at ECF p. 3. The "attachment" referenced appears to be the press clipping mentioned above.

One week later, on August 6, 2018, the FBI responded, informing Plaintiff that, pursuant to statute, the records sought must be "reasonably described" and that Freedom Watch's submission missed the mark. See ECF No. 8, Attach. 2, Exh. B (Letter from David M. Hardy to Larry Klayman) at 1; see also 5 U.S.C. § 552(a)(3)(A) (requiring agencies to make records available following "any request for records which [] reasonably describes such records"). According to the letter, Plaintiff's FOIA request did "not contain enough descriptive information to permit a search of [the Bureau's] records." Hardy Letter at 1. The FBI then detailed two possible avenues for Freedom Watch. It first asked Plaintiff to "provide us with more specific information" and included a list of types of information that would permit Defendant to conduct a search that could locate any responsive records. Id. As an alternative, the FBI notified Freedom Watch that it could file an administrative appeal. The letter provided the logistical details necessary to do so. Id.

With these two options on the table, Plaintiff chose neither. Instead, less than ten days later, it filed suit in this Court. Defendant now moves to dismiss under Rule 12(b)(6), contending that Freedom Watch's failure to exhaust its administrative remedies dooms its Complaint.

## II. Legal Standard

Although "FOIA cases typically and appropriately are decided on motions for summary judgment," Kearns v. Federal Aviation Admin., 312 F. Supp. 3d 97, 104 (D.D.C. 2018), the D.C.

Circuit has instructed courts to analyze the issue of exhaustion under Rule 12(b)(6). See Hidalgo v. FBI, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating grant of summary judgment and remanding FOIA case "with instructions to the district court to dismiss the complaint under [Rule] 12(b)(6) . . . for failure to exhaust administrative remedies"); see also Acosta v. FBI, 946 F. Supp. 2d 47, 49–50 (D.D.C. 2013) (proceeding this way); Jean-Pierre v. BOP, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) (stating similarly); Jones v. U.S. DOJ, 576 F. Supp. 2d 64, 66 (D.D.C. 2008) (same).

Rule 12(b)(6) permits a court to dismiss any count of a complaint that fails "to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted). The court need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by facts set forth in the complaint. See Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

### III. Analysis

A plaintiff seeking to bring a FOIA suit in federal court must generally exhaust her administrative remedies before filing suit. See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). Exhaustion requires a plaintiff to file a FOIA request with the relevant agency and then appeal a denial of that request within the agency. Id. If a request does not comply with the statute's mandate or the agency's regulations, that deficiency, too, dooms a challenge on exhaustion grounds. See Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004); see also West v.

Jackson, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) ("The failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust."); Kalu v. IRS, No. 14-998, 2015 WL 4077756, at *4 (D.D.C. July 1, 2015) (stating similarly with respect to statute's requirements). If a requester, therefore, "does not comply" with the statutory requirement to submit a request that "reasonably describes the records sought," but "nonetheless files suit, she is said to have failed to exhaust her administrative remedies, and she must file a perfected request before a court will compel the agency to respond." Kalu, 2015 WL 4077756, at *4 (internal quotation marks omitted); see also Middle East Forum v. U.S. Dep't of Treasury, 317 F. Supp. 3d 257, 264 (D.D.C. 2018) ("Without a perfected request, an agency has no duty to respond to FOIA requests, and the requester fails to exhaust the administrative process.").

FOIA exhaustion is a "jurisprudential doctrine," rather than a jurisdictional one. See Hidalgo, 344 F.3d at 1258. Failure to exhaust thus does not always require dismissal. Rather, "failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar.'" Wilbur, 355 F.3d at 677 (quoting Hidalgo, 344 F.3d at 1258–59). So, while dismissal is generally appropriate if a plaintiff has failed to exhaust her FOIA claims, it is not warranted in a particular case if enforcing the requirement would subvert the purposes of exhaustion and FOIA more generally. Id. The purpose of the exhaustion requirement is to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Id. (quoting Oglesby, 920 F.2d at 61).

As this Court has noted before, FOIA's exhaustion requirements "are not mere formalities to be routinely ignored, some unseemly morass of bureaucratic red tape." Cable News Network, Inc. v. FBI, 271 F. Supp. 3d 108, 112 (D.D.C. 2017). Instead, exhaustion in

4

FOIA cases is regarded as a "core component of orderly procedure and good administration" — a doctrinal safeguard that preserves agency authority and judicial efficiency. Id. (internal quotation marks and citation omitted).

With that lengthy windup complete, the analysis required here is short. Within the statutorily required timeframe, the FBI notified Plaintiff that its request did not comply with FOIA's prescriptions and that Defendant would not conduct a search of its records. That response is well within the Bureau's right: "Without a perfected request, an agency has no duty to respond." Middle East Forum, 317 F. Supp. 3d at 264. The FBI's determination gave Freedom Watch two routes forward. It could have resubmitted its FOIA request with the additional detail required — thus perfecting its request — or it could have administratively appealed the FBI's assessment that its request was incomplete. Apparently unhappy with these options, Plaintiff instead brought its grievance to this Court, challenging the FBI's denial of an unperfected request that Freedom Watch did not administratively appeal. By doing so, it created two related grounds to dismiss the suit. See Hidalgo, 344 F.3d at 1257 (dismissing case because requester "did not appeal the FBI's denial to the Office of Information and Privacy"); Dale v. IRS, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("[F]ailure to file a perfected request therefore constitutes failure to exhaust administrative remedies."). No matter how it is sliced, Plaintiff's case cannot go forward.

Jurisprudential considerations behind the purposes of both exhaustion and FOIA support dismissing this case. Starting with exhaustion, there can be no doubt that the FBI has not had "an opportunity to exercise its discretion and expertise on the matter." Wilbur, 355 F.3d at 677 (citation omitted). It has not yet had a chance to even search for records sought by a request that reasonably describes its target. As to the purposes underlying FOIA, the D.C. Circuit has

consistently and repeatedly held that "FOIA's administrative scheme 'favors treating failure to exhaust as a bar to judicial review.'" Id. (quoting Hidalgo, 344 F.3d at 1259).

Faced with this plain impediment, Freedom Watch never contends that it did, in fact, exhaust the available administrative remedies. Instead, Plaintiff argues that it was not obligated to exhaust because exhaustion would be "futile" and "serve no purpose." ECF No. 9 (Plaintiff Opposition) at 1. "Exhaustion is futile," Freedom Watch says, "when pursuing further administrative processes would clearly be useless and ultimate denial of the sought-after relief is certain." Id. at 2. Never, however, does it offer any sort of explanation of how this statement applies to this case. Although a "futility exception" to exhaustion does exist, it is reserved for narrow circumstances, such as when "an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986); see also Atl. Richfield Co. v. U.S. Dep't of Energy, 769 F.2d 771, 782 (D.C. Cir. 1984) (stating similarly). Freedom Watch points to no such circumstance here, nor can the Court glean any possible support for Plaintiff's position from its review of the Complaint and the FBI's communications with that entity. This Hail Mary lands incomplete.

Finally, in less than one sentence at the beginning of its Opposition, Freedom Watch appears to request a stay of the case, instead of dismissal, for its failure to exhaust. Again, it offers no support whatsoever for its position. The Court is also a bit perplexed by this request, since the consequence of failing to exhaust "typically leads only to dismissal." EPIC v. IRS, 261 F. Supp. 3d 1, 7 (D.D.C. 2017), aff'd, No. 17-5225, 2018 WL 6613339 (D.C. Cir. Dec. 18, 2018). Without more from Plaintiff, the Court is left with no choice but to follow that well-trodden route here.

## IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Stay. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*<br>JAMES E. BOASBERG<br>United States District Judge

Date: January 4, 2019